# IN THE SUPREME COURT OF MISSISSIPPI

NO. 2005-IA-01696-SCT
CONSOLIDATED WITH
NO. 2005-CA-01814

*CENTURY 21 MASELLE AND ASSOCIATES, INC.,
AND CINDY SMITH*

*v.*

*TONY L. SMITH AND LINDA N. SMITH*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/17/2005 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOE S. DEATON, III |
| | TRAVIS MAC HAYNES |
| | DAVID CHRISTOPHER DANIEL |
| ATTORNEY FOR APPELLEES: | DONALD W. BOYKIN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 08/16/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     Once again, this Court is called upon to navigate the waters of arbitration. The Court is nonplused by the continuous procession of disputes in an area of law which by now should be well settled, as initial passage of a Federal Arbitration Act[1] ("FAA") occurred more than eight decades ago. It is hoped that today's decision will clarify what some claim to be opaque waters by providing additional guidance to the courts and those who appear therein.

---

[1] 9 U.S.C. § 1, *et seq*.

But first, we encourage all affected parties to peruse and follow the mandates of the FAA, which would eliminate a number of arbitration issues for both trial and appellate courts.

¶2. Aggrieved by the Circuit Court of the First Judicial District of Hinds County's denial of their motion to compel arbitration and motion to transfer venue pursuant to the provisions of the "Real Estate Contract" ("Contract"), Century 21 Maselle and Associates, Inc. ("Century 21") and its agent, Cindy Smith, appealed to this Court. Finding that this arbitration clause is valid, enforceable, and was not waived, we reverse the judgment of the circuit court and remand this case with directions to stay the proceedings as to Century 21 and Cindy Smith only, and direct that their dispute be referred to arbitration consistent with the Contract.

**FACTS**

¶3. On November 9, 2003, John Hendon entered into the Contract to sell his home to Tony L. Smith and Linda N. Smith ("Smiths"). Century 21 and its agent, Cindy Smith, represented the Smiths. Cindy Smith signed the Contract as "[b]roker [a]ssociate." The Contract contained an arbitration clause, which stated:

> 38. **MANDATORY ARBITRATION**: Both Buyer and Seller {hereinafter "parties"} acknowledge, understand and agree that: *(1) any controversy, claim, action or inaction arising out of, or relating to, the "purchase" set out herein, as against the listing broker or selling broker and/or their agents or representatives {hereinafter "company"} involved in this transaction, shall be resolved by arbitration administered by the American Arbitration Association in accordance with its arbitration rules*; and (2) judgment of the award rendered by the arbitrator(s) will be entered in the Circuit Court of Rankin County; and (3) the arbitration proceeding shall be conducted within Rankin County, Mississippi; and (4) any damages awarded must conform to the terms and conditions of the "purchase"; and (5) this transaction involves interstate commerce such that the Federal Arbitration Act, 9 U.S.C. Section 1 et seq. (1947 as amended) shall govern the interpretation and enforcement of this

2

arbitration agreement along with all claims between or among any parties and the company(ies) involved in this transaction; and (6) any action at law regarding this agreement must be filed in the Circuit Court of Rankin County.

(Emphasis added).

¶4. On January 14, 2005, the Smiths filed their "First Amended Complaint" against "John Hendon, Union Planters Bank, NA[,] First American Real Estate Solutions of Texas, L.P., Successor in Interest to First American Flood Data Services, Inc., Century 21 Maselle & Assoc., Inc., Cindy Smith, Coldwell Banker Graham & Associates, Inc., Cindy Lai, Mark S. Bounds Realty Partners, Inc., Donald Conn, Jr., [and] Wayne C. Williams" for alleged negligence and/or fraudulent inducement in the purchase of their new home, in violation of the Contract. On February 24, 2005, Century 21 and Cindy Smith filed separate answers and affirmative defenses. Inserted beneath the caption of these pleadings, Century 21 and Cindy Smith plead "Jury Trial Requested." The first defense was entitled "Motion to Dismiss" and averred that "this cause of action should be dismissed and arbitration compelled." That same day, Century 21 and Cindy Smith propounded written discovery, in the form of eighteen interrogatories and fourteen requests for production of documents,[2] for which responses were never received. On March 16, 2005, both Century 21 and Cindy Smith noticed their motion to compel arbitration and/or to transfer venue for a hearing. This occurred only sixty-one days after the suit was filed by the Smiths and twenty days after Century 21 and Cindy Smith

---

[2]According to Century 21 and Smith, "[t]his discovery was simply propounded in the event that the arbitration clause was somehow determined to be invalid, which is denied, as opposed to unenforceable."

3

filed their separate answers and affirmative defenses. In the interim, litigation was not advanced by these parties.[3]

¶5. Although a hearing was held on April 21, 2005,[4] the circuit court did not enter an order until August 17, 2005, denying both Century 21's and Cindy Smith's motion to compel arbitration and to transfer venue. Specifically, the circuit court found that:

> 3. Although the subject Real Estate Contract contained a *mandatory arbitration clause*, the Court finds that the motion to compel arbitration and/or transfer venue is without merit and will be denied for the following reasons:
>
> a. The defendants have *waived* their right to enforce the arbitration clause.
>
> b. All of the defendants have served discovery upon the plaintiffs.
>
> c. Defendants [Century 21] and Cindy Smith requested a Jury Trial in their Answer to the herein lawsuit. . . . This coupled with Century 21 and Smith's service of discovery upon plaintiffs clearly supports a waiver of the right to enforce the arbitration clause.

(Emphasis added). Finding that the right to arbitration had been waived, the circuit court refused to enforce the agreement to arbitrate. From that ruling proceeds this appeal.[5] This

---

[3]The Smiths did not respond to Century 21's and Cindy Smith's motion to compel arbitration until April 21, 2005. The response was untimely pursuant to U.R.C.C.C. 4.03. The response was not included in the record presented to this Court.

[4]A transcript of the hearing, if one was made, was not included in the record presented to this Court.

[5]On September 6, 2005, Century 21 and Cindy Smith timely filed a "Petition for Permission to Appeal" with this Court, pursuant to Miss. R. App. P. 5. According to Miss. R. App. P. 5(a):

> [a]ppeal from such an order may be sought by filing a petition for permission to appeal with the clerk of the Supreme Court *within 21 days* after the entry of such order in the trial court with proof of service on the trial judge and all other parties to the action in the trial court.

4

Court will consider whether the circuit court erred in denying the motion to compel arbitration filed by Century 21 and Cindy Smith.

## ANALYSIS

*(1) Whether the circuit court erred in denying the motion to compel arbitration filed by Century 21 and Cindy Smith.*

¶6.    "This Court reviews questions of law de novo." ***Pre-Paid Legal Servs. v. Battle***, 873 So. 2d 79, 82 (Miss. 2004) (citing ***Russell v. Performance Toyota, Inc.***, 826 So. 2d 719, 721 (Miss. 2002)).  "[W]e have reviewed the grant or denial of a motion to compel arbitration under the de novo standard of review." ***Battle***, 873 So. 2d at 82 (citing ***Tupelo Auto Sales, Ltd. v. Scott***, 844 So. 2d 1167, 1169 (Miss. 2003)).

*Waiver*

¶7.    In ***Dean, Witter, Reynolds, Inc. v. Byrd***, 470 U.S. 213, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985), the United States Supreme Court noted that:

> [t]he House Report accompanying the [FAA] makes clear that its purpose was to place an arbitration agreement "upon the same footing as other contracts, where it belongs," H.R. Rep. No. 96, 68[th] Cong., 1[st] Sess., 1 (1924), and to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate. This is not to say that Congress was blind to the potential benefit of the legislation for expedited resolution of disputes.  Far from it, the House Report expressly observed:
>
>> "It is practically appropriate that the action should be taken at this time when there is so much agitation against the costliness

---

(Emphasis added).  On September 19, 2005, the remaining defendants (Mark S. Bounds Realty Partners, Inc., Wayne C. Williams, Coldwell Banker Graham & Associates, Inc., Cindy Lai, and Donald Conn, Jr.) filed for "Joinder in Defendants' Petition for Interlocutory Appeal."  Thereafter, the Smiths filed a motion to dismiss the appeals of the defendants attempting joinder as untimely.  On May 25, 2006, this Court entered an order granting the Smiths' motion.

and delays of litigation. These matters can be largely eliminated by agreements for arbitration . . . ."

Nonetheless, *passage of the [FAA] was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered, and we must not overlook this principal objective when construing the statute, or allow the fortuitous impact of the [FAA] on efficient dispute resolution to overshadow the underlying motivation.*

*Byrd*, 470 U.S. at 219-20 (emphasis added). Just two terms earlier, the United States Supreme Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983), offered explicit instruction on seeking enforcement of an arbitration agreement by reference to the FAA itself, stating:

Congress' clear intent, in the [FAA], [was] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible. The [FAA] provides two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, *9 U.S.C. § 3*, and an affirmative order to engage in arbitration, *§ 4*. Both of these sections call for an *expeditious and summary hearing* . . . .

*Moses H. Cone*, 460 U.S. at 22 (emphasis added). Furthermore, the FAA "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Id*. at 29. In considering such motions, there is a presumption in favor of arbitration. *See id*. at 24-25. Procedurally, it shall be no different in state court.

¶8.     In *Byrd*, the United States Supreme Court stated that the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed . . . absent a ground for revocation of the contractual agreement." *Byrd*, 470 U.S. at 218. This Court has held that arbitration can be waived where a party "*actively participates in a lawsuit or takes other action inconsistent with* [*the right to arbitration*]." *Cox v.*

6

*Howard, Weil, Labouisse, Friedrichs, Inc.*, 619 So. 2d 908, 914 (Miss. 1993) (quoting

*Cornell & Co. v. Barber & Ross Co.*, 123 U.S. App. D.C. 378, 360 F. 2d 512, 513 (D.C. Cir.

1966)) (emphasis added).  In *Cox*, this Court found the right to arbitration was waived due

to "extensive" pre-trial litigation, where the party seeking to enforce arbitration had filed a

"summary judgment motion, requested two continuances, appealed to this Court based on

a pretrial ruling, and had requested various types of discovery." *Id*. at 914.  Ten years later,

this Court qualified the precepts of *Cox*, stating that arbitration may be waived where a party

"*substantially invokes the judicial process to the detriment or prejudice of the other party*."

*Univ. Nursing Assocs., PLLC v. Phillips*, 842 So. 2d 1270, 1278 (Miss. 2003) (emphasis

added).  That same year, in *Sanderson Farms v. Gatlin*, 848 So. 2d 828 (Miss. 2003), this

Court found that Sanderson Farms waived arbitration by refusing to pay one-half of

arbitration costs.  *See id*. at 838.  In *Pass Termite and Pest Control v. Walker*, 904 So. 2d

1030 (Miss. 2004), this Court found waiver where Pass Termite failed to allege the

affirmative defense of arbitration in its answer and requested a jury trial; propounded

interrogatories and requests for production of documents, which were subsequently

responded to; and also delayed 237 days before moving to compel arbitration.  *See id*. at

1032, 1035.  In *MS Credit Center v. Horton*, 926 So. 2d 167 (Miss. 2006), this Court once

again addressed waiver, stating:

> [t]he record before us today clearly demonstrates that the Defendants asserted
> their right to compel arbitration in their respective answers.  However, rather
> than proceeding within a reasonable time to file a motion to compel arbitration
> and request a hearing on the motion, defendants proceeded to substantially
> engage the litigation process by consenting to a scheduling order, engaging in
> written discovery, and conducting Horton's deposition.

7

*Id*. at 180. As in **Horton**, "we will not hesitate to find a waiver of the right to compel arbitration" for a "*delay in pursuing the right, coupled with active participation in the litigation process*." *Id*. (emphasis added). In summary, either active participation or substantial invocation of the litigation process which results in detriment or prejudice to the other party, or engaging in conduct inconsistent with timely enforcing the arbitration agreement, constitutes waiver. *See* **Horton**, 926 So. 2d at 180; **Phillips**, 842 So. 2d at 1278; **Cox**, 619 So. 2d at 913-14. However, parties claiming waiver must offer sufficient evidence at a hearing to overcome the presumption in favor of arbitration. *See* **Moses H. Cone**, 460 U.S. at 24-25. In the case sub judice, the Smiths failed to offer any evidence to defeat the presumption.

### (A) Request for Jury Trial

¶9.     Century 21 and Cindy Smith simultaneously requested a jury trial and asserted a right to arbitration in their answers and affirmative defenses, only forty-one days after the Smiths filed their amended complaint. They noticed the same for a hearing a mere twenty days thereafter. This act simply does not rise to the level of active participation in the lawsuit (*see* **Cox**, 619 So. 2d at 913-14), substantial invocation of the judicial process (*see* **Phillips**, 842 So. 2d at 1278), or a "delay in pursuing the right." **Horton**, 926 So. 2d at 180. Century 21 and Cindy Smith did request a jury trial, which "is characteristic of the judicial process." **Walker**, 904 So. 2d at 1035. We have held that it "is inconsistent with asserting a right to arbitration." *Id*. Such inconsistency is mitigated by the fact that the jury trial request was filed simultaneously with the motion to compel arbitration. While a request for a jury trial is inconsistent with asserting the right to arbitration, standing alone it does not constitute

8

waiver.[6]  Of greater import, the request for a jury trial did not delay resolution of the controversy, did not add to the expense of litigation, and did not substantially invoke the judicial process.  Nor, for that matter, did it even constitute increased involvement in the litigation process, as it is automatic, unless opted out of, in civil actions in Mississippi.  *See* Miss. R. Civ. P. 38.

### *(B) Discovery*

¶10.    Regarding discovery, this Court previously has stated that "[t]aking advantage of pre-trial litigation such as answers, counterclaims, motions, requests, and discovery obviates the right to arbitration."  *Cox*, 619 So. 2d at 914.  In *Phillips*, this Court articulated that arbitration is waived where a party "*substantially invokes the judicial process to the detriment or prejudice of the other party*."  *Phillips*, 842 So. 2d at 1278 (emphasis added).  In *Phillips*, now-Presiding Justice Waller astutely included a practice note that "parties desiring to seek arbitration should *promptly* file and present to the trial court a *motion to stay proceedings* and a *motion to compel arbitration*."  *Id*. at 1277 (emphasis added).[7]  Clearly,

---

[6]In *Walker*, this Court stated "[t]he 237-day delay before invoking arbitration, coupled with the invocation of the discovery process after failing to raise the defense of arbitration in its initial pleading bring us to our conclusion that Pass has effectively waived its right to invoke arbitration." *Walker*, 904 So. 2d at 1035.  In that case, Pass Termite failed to allege the affirmative defense of arbitration in its answer and requested a jury trial; propounded interrogatories and requests for production of documents, which were subsequently responded to; and only then, more than six months after filing its answer, filed its motion to compel arbitration. *See id*. at 1032.  *Walker* is clearly distinguishable from the case sub judice where the answer requesting a jury trial included the motion to compel arbitration; the discovery propounded was unanswered; and the motion to compel arbitration was noticed for a hearing twenty days after the answer was filed.

[7]In *Walker*, this Court referred to the *Phillips* "practice note" as a "caveat." *Walker*, 904 So. 2d at 1035.

9

the FAA requires same, as announced by the United States Supreme Court.[8] The FAA does not provide for discovery. Therefore, pursuing discovery, a litigation tool, creates the danger of incongruent determinations by lower courts regarding whether such action constitutes active participation in, or substantial invocation of, the litigation process. From this day forward, the advice of **Phillips** and caveat of **Walker** are the mandate of this Court, in accord with the FAA. Parties seeking to enforce arbitration are to file a "Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration" immediately upon discovery that the controversy or suit is subject to an arbitration agreement. All proceedings, including the filing of responsive pleadings (answer or otherwise) and discovery, in prospective cases involving an arbitration agreement shall be suspended upon the timely filing and notice of a "Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration."

¶11.    Century 21 and Cindy Smith posit that they merely "propounded routine written discovery" to the Smiths. This Court notes that there is no such thing as "routine" discovery

---

[8]9 U.S.C. § 3 states:

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, *providing the applicant for the stay is not in default in proceeding with such arbitration.*

9 U.S.C. § 3 (emphasis added). As the United States Supreme Court notes in **Moses H. Cone**, "[t]he [FAA] provides two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, *9 U.S.C. § 3*, and an affirmative order to engage in arbitration, *§ 4*. Both of these sections call for an expeditious and summary hearing . . . ." **Moses H. Cone**, 460 U.S. at 22.

10

in arbitrable controversies. The "Order Adopting the Mississippi Rules of Civil Procedure" provides "the rules attached hereto are adopted and promulgated as Rules of Practice and Procedure in all *Chancery, Circuit, and County Courts* of this State in all civil actions . . . ." (Emphasis added). *See also* Miss. R. Civ. P. 1 ("These rules govern procedure in the circuit courts, chancery courts, and county courts in all suits of a civil nature . . . ."). The Mississippi Rules of Civil Procedure address the subject of discovery in Rules 26-37. The forum of arbitration is outside the scope of the Mississippi Rules of Civil Procedure, and discovery in that forum is neither automatic nor guaranteed. Initiating discovery is inapposite to seeking to compel arbitration.

¶12.    Century 21 and Cindy Smith's acts are precipitously close to satisfying the waiver exception by initiating discovery. However, the Smiths offered no evidentiary basis for the lower court to find detriment or prejudice either by incurred legal expense or procedural delay, and the record reflects they failed to answer the discovery. *See **Phillips***, 842 So. 2d at 1278 ("[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process *to the detriment or prejudice*[9] *of the other party*.") (emphasis added). Given the presumption in favor of arbitration (*see **Moses H. Cone***, 460 U.S. at 24-25), in the absence of prejudice or invocation of the court's jurisdiction for a purpose other than the declaration of arbitrability *vel non*, the circuit court either clearly erred in denying the motion to compel arbitration or, alternatively, the circuit court was provided with proof of detriment

---

[9]"Prejudice . . . refers to the inherent unfairness – in terms of delay, expense, or damage to a party's legal position – that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." ***Phillips***, 842 So. 2d at 1278.

11

and/or prejudice, but the Smiths failed to provide this Court with a record to support such finding. *See **Ditto v. Hinds County***, 665 So. 2d 878, 880 (Miss. 1995) (quoting ***Shelton v. Kindred***, 279 So. 2d 642, 644 (Miss. 1973)) ("[t]his Court 'may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record'"). Litigants shall prospectively follow the procedure mandated by this Court and separately file a "Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration[,]"[10] and then promptly schedule and notice a hearing on their motions. Discovery, a procedural implement of the courts, should not be initiated as its use may be deemed active participation in a court proceeding and inconsistent with the right to arbitration.[11]

### *Unconscionability*

¶13.    This Court also notes that the subject arbitration clause is virtually identical to the arbitration clause in ***Fradella v. Seaberry***, Miss. 2007 LEXIS 184 (Miss. 2007). The Smiths admit as much in their brief, stating:

> [t]he case sub judice is also analogous to the facts in ***Fradella*** . . . . The arbitration provision [in] their contract is identical[[12]] to the contract in the case sub judice, except that the ***Fradella*** contract stated that any judgment would be entered in any court of competent jurisdiction, whereas in the case sub judice, the arbitration provision states that the judgment would have to be entered in the Circuit Court of Rankin County.

---

[10]Not a motion to dismiss.

[11]Century 21 and Cindy Smith maintain that they propounded discovery out of caution, in the event that the circuit court found the arbitration clause invalid.

[12]Beyond the different venue requirements, the arbitration clauses are more accurately described as virtually identical, as they include several non-substantive, linguistic differences.

12

In *Fradella*, this Court found that the arbitration clause was not procedurally or substantively unconscionable (*see id*. at \*22), and created contractual "rights and responsibilities on the part of" the real estate agent[13] and her agency. *See id*. at \* 28. In the case sub judice, the circuit court's order reflects the validity and enforceability of the arbitration clause, finding that the clause was "mandatory." Therefore, the argument presented by the Smiths to this Court that the agreement is invalid or unenforceable for lack of mutuality of assent or obligation, lack of standing, or unconscionability is untimely and unmerited, as no facts to support the argument were presented to the circuit court, or made a part of this appeal. *See Ditto*, 665 So. 2d at 880 ("this Court can only review matters on appeal as were considered by the lower court.").

**CONCLUSION**

¶14.     Accordingly, we reverse the circuit court's denial of Century 21 and Cindy Smith's motion to compel arbitration, and we remand this case with directions to compel the parties (Century 21, Cindy Smith, Tony L. Smith, and Linda N. Smith) to submit to arbitration consistent with the Contract. This action is stayed pending resolution of the arbitration proceedings only as to the parties herein referred.

¶15.     **REVERSED AND REMANDED**.

    **SMITH, C.J., EASLEY, CARLSON, DICKINSON AND LAMAR, JJ., CONCUR. DIAZ, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, J. GRAVES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, P.J. WALLER, P.J., NOT PARTICIPATING**.

---

    [13]Unlike in *Fradella*, Cindy Smith was a signatory to the Contract.

**DIAZ, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶16. I agree with the majority regarding the analysis of waiver and its application to this case. However, I remain committed to the ideal that arbitration contracts should be voided when they involve overreaching, procedural or substantive unconscionability, or any other grounds that would serve as a basis for invalidation under state statutory or common law. Because the majority does not acknowledge that the failure to invalidate such contracts infringes upon the constitutional rights afforded all Mississippians, I must respectfully dissent in part. *See Cleveland v. Mann*, 942 So. 2d 108, 121-22 (Miss. 2006) (Diaz, J., dissenting).

¶17. Further, in some cases federal law simply does not apply, and accordingly I would not be so quick to defer to federal law as the majority. In this case, the parties stipulated that the contract affected interstate commerce, and I agree as a matter of sound contract law that "[w]hen parties agree to arbitrate under the FAA, they are not required to establish that the transaction at issue involves or affects interstate commerce." *In Re Choice Homes, Inc.*, 174 S.W.3d 408, 412 (Tex. App. 2005). Not all contracts involve interstate commerce or contain express declarations of the applicability of the FAA; those contracts escape the federal government's predilection for arbitration. *See Perry v. Thomas*, 482 U.S. 483, 489, 107 S.Ct. 2520, 2525 (1987) ("Section 2 [of the FAA] . . . embodies a clear federal policy of requiring arbitration *unless* the agreement to arbitrate is not part of a contract evidencing interstate commerce or is revocable 'upon such grounds as exist at law or in equity for the revocation of any contract'") (emphasis added, quoting 9 U.S.C. § 2). In those cases where

14

the agreement between the parties is silent as to the FAA or interstate commerce, "a party seeking to compel arbitration must establish its right to arbitrate under the federal act." *Stewart Title Guar. Co. v. Mack*, 945 S.W.2d 330, 333 (Tex. App. 1997).

¶18. The majority's automatic deferral to federal law also ignores that the U.S. Congress built in an huge state law exception to the FAA. For "[a] written provision in . . . a contract" for arbitration "shall be valid, irrevocable, and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract*." 9 U.S.C.A. § 2 (emphasis added); *Perry*, 482 U.S. at 489.

¶19. In other words, Congress and the U.S. Supreme Court acknowledge the primacy of state statutory and common law protections against overreaching and fraud, as often embodied in the doctrines of procedural and substantive unconscionability. We should not be so quick to toss aside those tools meant to safeguard the rights of Mississippians.

   **GRAVES, J., JOINS THIS OPINION.**


   **GRAVES, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶20. I agree with the majority's analysis on the issue of waiver and I agree with the promulgation of guidelines with regard to the assertion of a right to arbitration. However, I disagree on the issue of whether a non-party, nonsignatory to a contract has a right to enforce an arbitration clause contained in that contract. Hence, I deem it unnecessary to address the issue of waiver in this case. As a result, I would find that the issue regarding a nonsignatory is dispositive and that the trial court should be affirmed. Therefore, I respectfully concur in part and dissent in part.

15

¶21. Arbitration can only exist when created by a contract. The contract herein was between the buyer and the seller. Cindy Smith is neither the buyer nor the seller. Cindy Smith's signature is on the contract merely pursuant to the following: "Subject to clearance of any check, Broker acknowledges receipt of the above-mentioned earnest money and holds same in trust subject to the terms of this contract." Allowing a non-party, nonsignatory to a contract to take advantage of a clause in a contract violates basic legal principles. *See Parkerson v. Smith*, 817 So. 2d 529, 534-35(Miss. 2002). Nevertheless, some courts have allowed this to happen. *See Grigson v. Creative Artists Agency, LLC,* 210 F.3d 524 (5th Cir. 2000).

¶22. However, there is a view that this Court should not defer to the federal courts and the Federal Arbitration Act, but that the Legislature and courts of Mississippi should regulate the usage of arbitration within our state. *Greater Canton Ford Mercury, Inc. v. Ables*, So. 2d (Miss. 2007) (Diaz, J., dissenting) (citing *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 285-97, 115 S.Ct. 834, 845-51, 130 L.Ed. 753 (1995) (Thomas, J., dissenting)).

¶23. Because the motions to compel arbitration and transfer venue were properly denied, the trial court should be affirmed. Therefore, I respectfully concur in part and dissent in part.

**DIAZ, P.J., JOINS THIS OPINION.**