# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-IA-01081-SCT

*PASS TERMITE AND PEST CONTROL, INC.*

*v.*

*JOE P. WALKER, JR. AND CAROLYN FAYE WALKER*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/04/2001 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | R. BRADLEY BEST |
| ATTORNEYS FOR APPELLEES: | DAVID D. O'DONNELL |
| | CLAYTON O'DONNELL WALSH |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 12/09/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     We must determine today whether the Lafayette County Circuit Court erred in refusing to enforce an arbitration clause contained in a Mississippi Official Wood Destroying Insect Report.   The circuit judge denied a motion to compel arbitration.   Although we affirm the circuit judge's ruling, we do so for reasons different than those stated by the learned circuit judge.

**FACTS AND PROCEEDINGS IN THE CIRCUIT COURT**

¶2.     In December of 1998, Joe D. Walker and Carolyn Faye Walker purchased a home near Oxford from Thomas and Evelyn Baggett. The Walkers' lender required that a termite inspection be conducted on the home. Pass Termite and Pest Control, Inc. ("Pass") was hired by the Walkers, and Pass thereafter performed the inspection and issued a report. In their complaint, the Walkers asserted claims based on fraud and breach of contract, and they alleged that they relied to their detriment on erroneous reports produced by Pass.[1]

¶3.     Pass was served with process on February 16, 2001, and on March 27, 2001, Pass filed its answer to the complaint, but failed to affirmatively plead arbitration as a defense. In addition to this omission, Pass demanded a jury trial and a judgment in its favor. On May 15, 2001, Pass propounded its First Set of Interrogatories and Requests for Production of Documents. On or about September 19, 2001, the Walkers responded to discovery. On October 11, 2001, Pass filed its Motion to Compel Arbitration. Pass did not request leave to amend its answer in order to assert this affirmative defense. In their response to the motion to compel, the Walkers argued that Pass had "waived its right to claim any entitlement to arbitration in this cause" based on the fact that it failed to affirmatively plead in its answer its right to arbitration. Moreover, the Walkers argued that Pass could not claim any right to arbitration after it availed itself of the discovery process afforded to litigants in a judicial forum.

---

[1]Pass issued a termite report prior to the real estate closing, and then issued a second termite report on February 11, 1999, incident to a refinancing of the original mortgage loan.

¶4. The Circuit Court of Lafayette County, Judge Henry L. Lackey presiding, heard arguments on the motion to compel arbitration. On December 11, 2001, the circuit court issued an order denying the motion to compel arbitration for three reasons:

> That the termite contract produced by [Pass] which contained the arbitration clause was not explicitly agreed to by the [Walkers].

> That the termite contract as presented and the time it was presented, created a contract of adhesion; therefore, it is in the best interest of public policy that the [Walkers] not be bound by the term of said contract.

> That for the reasons of judicial economy and litigation simplicity that the all (sic) claims against all parties be adjudicated in the same cause.

¶5. Upon a motion filed by Pass, the circuit court certified this case for an interlocutory appeal, and we thereafter granted the petition for interlocutory appeal. See M.R.A.P. 5.

## STANDARD OF REVIEW

¶6. While the circuit court based its decision to deny arbitration on reasons different from ours, we may on appeal affirm the decision of the trial court where the right result is reached, even though we may disagree with the trial court's reasons for reaching that result. *Puckett v. Stuckey*, 633 So.2d 978, 980 (Miss. 1993). The grant or denial of a motion to compel arbitration is reviewed de novo. *East Ford, Inc. v. Taylor*, 826 So.2d 709, 713 (Miss. 2002) (citing *Webb v. Investacorp. Inc.*, 89 F.3d 252, 256 (5th Cir. 1996)).

## ANALYSIS

**I.      Whether the Trial Court Erred in Denying the Appellant's Motion to Compel Arbitration?**

3

¶7.     Due to the aforementioned reasons submitted by the circuit judge in denying arbitration, the parties understandably present to us various arguments regarding the validity, scope and enforceability of the arbitration provision.    However, inasmuch as today's decision to uphold the trial judge's denial of arbitration is based on waiver, we need not address the other issues raised.    In so doing, we emphasize here that our decision today should in no way be interpreted as a retreat from our prior cases upholding arbitration, which we again state is favored and is firmly embedded in both our federal and state laws. ***Russell v. Performance Toyota, Inc.***, 826 So.2d 719 (Miss. 2002); ***East Ford, Inc. v. Taylor***, 826 So.2d 709 (Miss. 2002); ***IP Timberlands Operating Co. v. Denmiss Corp.***, 726 So.2d 96 (Miss. 1998).

¶8.     Instead, we today consider Miss. R. Civ. P. 8©   and   Pass's failure to assert in its Answer its right to arbitration .[2]   Although a strict application of Miss. R. Civ. P. 8© would conceivably do violence to our recent decisions on arbitration issues, we find that Pass's failure to assert its right to arbitration in its answer in contravention of Rule 8's provisions is at least a factor we may consider along with the other facts existing in this case.[3]   Here is a

---

[2]Miss. R.. Civ. P. 8 provides in pertinent part:

> (c) **Affirmative Defenses**. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, *arbitration and award,... and any other matter constituting an avoidance* or affirmative defense.

(emphasis added).

[3]Of course, Miss. R. Civ. P. 15 provides that after the service of the answer, a party may amend such answer in circumstances where justice so requires and only with leave from the trial court.  Today's

brief time line: (1) February 14, 2001 – Complaint filed by the Walkers; (2) February 16, 2001 – Pass served with process; (3) March 27, 2001 – Pass filed its Answer and this Answer contained no affirmative defense of arbitration and in fact Pass, in its Answer, demanded a jury trial; (4) May 15, 2001 – Pass propounded its First Set of Interrogatories and Requests for Production of Documents to the Walkers, who later responded to these discovery requests; (5) October 11, 2001 – Pass, without requesting leave to amend its Answer, filed its motion to compel arbitration.

¶9.    Both termite reports were attached to the Complaint which was filed on February 14, 2001. Contained in both termite reports were identical arbitration clauses which stated:

> ARBITRATION. The purchaser and the pest control operator agree that any controversy or claim between them arising out of or relating to this agreement shall be settled exclusively by arbitration. Such arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association. The decision of the Arbitrator shall be a final and binding resolution of the disagreement which may be entered as a judgment by any Court of competent jurisdiction. Neither party shall sue the other where the basis of the suit is this agreement other than for enforcement of the arbitrator's decision. In no event shall either party be liable for indirect, special or consequential damages or loss of anticipated profits.

Thus, once Pass was served with a copy of the complaint and summons on February 16, 2001, Pass was aware of the availability of the defense of arbitration. Instead of asserting this defense, Pass answered the complaint, demanded a jury trial, and invoked the available discovery procedures. In fact, when Pass finally decided to file a motion to compel arbitration, some 237 days after it was served with a copy of the complaint and summons, it filed such

---

application of Rule 8 does not limit Rule 15. Parties remain free to seek leave to amend their answer.

5

motion to compel arbitration without seeking leave from the trial court to amend its original answer.

¶10.    The general rule is that affirmative defenses must be raised in a party's answer. Miss. R. Civ. P. 8©.  *See* also ***Canizaro v. Mobile Communications Corp. of Am.***, 655 So.2d 25 (Miss. 1995) (The defense of statute of frauds is waived if not included in the answer.); ***Martin v. Estate of  Martin***, 599 So.2d 966(Miss. 1992) (Maker of note who claims it is unenforceable as against public policy must say so affirmatively by way of defense); ***Hertz Commercial Leasing Div. v. Morrison***, 567 So.2d 832 (Miss.  1990) (Lessee was required to affirmatively plead that the acceleration clause was punitive and thus unenforceable); ***Wholey v. Cal-Maine Foods, Inc.***, 530 So.2d 136, 138 (Miss. 1988) (Res judicata is an affirmative defense which may not be raised on a motion to dismiss unless allegations in a prior pleading in the case demonstrates its existence.).

¶11.    Notwithstanding our prior cases finding waiver for failure to plead affirmative defenses, Pass urges us to follow cases from the Fifth Circuit in which similar or longer delays in asserting the defense of arbitration were found not to constitute a waiver of the right to invoke arbitration. Pass directs our attention to ***Tenneco Resins, Inc. v. Davy Int'l***, 770 F.2d 416 (5th Cir.1985).  In ***Tenneco,*** the Fifth Circuit upheld an arbitration clause even though the defendant waited eight months after the commencement of the lawsuit to invoke its right to arbitration. However, in ***Tenneco***, the defendant timely responded to the complaint and in its initial responsive pleading, the defendant asserted the defense of arbitration based on the contractual

provisions. In *Walker v. J. C. Bradford & Co.*, 938 F.2d 575 (5th Cir. 1991), the court likewise upheld an arbitration clause even though the defendant waited thirteen months after suit was filed to invoke its right to arbitration. In *Walker*, the plaintiffs commenced their suit in state court only to have the defendant remove the case to federal court, and once in federal court, the defendant invoked discovery and more than ten months later, the defendant finally answered the complaint. The *Walker* court cited *Tenneco* for the premise that the question of whether arbitration has been waived depends on the facts of each case. *Id*. at 576.

¶12. In Mississippi, a party waives the right to arbitrate when it "actively participates in a lawsuit or takes other action inconsistent with the right to arbitration." *Cox v. Howard, Weil, LaBouisse, Frederichs, Inc.*, 619 So.2d 908, 913-14 (Miss. 1993). "Taking advantage of pre-trial litigation such as answers, counterclaims, motions, requests, and discovery obviates the right to arbitration." *Id*. at 914. In *United Nursing Associates, PLLC v. Phillips*, 842 So.2d 1270, 1276-77 (Miss. 2003), although we found no waiver of arbitration, we again acknowledged that a party attempting to invoke arbitration may effectively waive that right if the party actively engages in litigation (citing *Cox*, 619 So.2d at 914). In *Phillips*, the defendant timely answered the plaintiff's initial pleading and included in such responsive pleading the affirmative defense of arbitration. *Id.* at 1273. Likewise, in *Phillips*, we acknowledged that waiver could be found when the party seeking arbitration "substantially invokes the judicial process to the detriment or prejudice of the other party." *Id.* at 1278 (citing *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999), and *Miller*

7

***Brewing Co. v. Fort Worth Distrib. Co.***, 781 F.2d 494, 497 (5th Cir. 1986)). Additionally, in

***Phillips***, this Court noted that one encyclopedia sheds light on the question of what

participatory activities constitute waiver:

> Whether participation in an action is a waiver of the right to arbitration depends on whether the participation bespeaks an intention to abandon the right.... It has been held that the service of an answer in an action on the contract does not constitute waiver of the right to arbitration, even though the answer does not set up the arbitration clauses as a defense.... The mere serving of an answer and the making of a motion to dismiss a complaint does not constitute a waiver.

842 So.2d at 1276 (citing 6 C.J.S. *Arbitration* § 37 (1975)).

¶13.    Finally, in ***Phillips***, we issued this caveat:

> As a practice note, parties desiring to seek arbitration should promptly file and present to the trial court a motion to stay proceedings and a motion to compel arbitration.

842 So.2d at 1277.

¶14.    In the instant case, Pass not only failed to file a motion to compel arbitration and failed in its answer to allege the affirmative defense of arbitration, it went so far in its answer as to request that the dispute be tried before a jury.  A jury trial is characteristic of the judicial process, not arbitration. That request is inconsistent with asserting a right to arbitration.  This coupled with the fact that Pass invoked the discovery process indicates its intent to forgo its right to arbitration.

¶15.    We can comfortably distinguish the above cited Fifth Circuit cases and our cases from the case sub judice. The 237-day delay before invoking arbitration, coupled with the invocation of the discovery process after failing to raise the defense of arbitration in its initial pleading

8

bring us to our conclusion that Pass has effectively waived its right to invoke arbitration. Stated differently, when a party, with full knowledge of the existence of an arbitration clause in the contract which is the subject matter of the litigation, makes a conscious decision to proceed with responding to the lawsuit, demanding a jury trial, and invoking discovery only to thereafter invoke the arbitration clause, that party does so at its own peril, and prejudice to the non-moving party will be presumed for failure to comply with the provisions of Miss. R. Civ. P. 8(c).  In so holding, we are satisfied without doubt that today's decision in no way does violence to the federal law and our state law favoring arbitration.

¶16.    This Court has acknowledged and adopted the federal policy favoring arbitration.[4] *See generally **McKenzie Check Advance of Miss., LLC v. Hardy***, 866 So.2d 446 (Miss. 2004); ***Sanderson Farms, Inc. v. Gatlin***, 848 So.2d 828 (Miss. 2003); ***Wilson v. Greyhound Bus Lines, Inc.***, 830 So.2d 1151 (Miss. 2001).  It is well-settled that this Court adheres to federal policy favoring arbitration.

¶17.    However, there are several rationales behind today's decision. Primarily, by making a clear statement as to when the right to arbitration ordinarily should be pled, we eliminate any uncertainty that may plague future litigation. Certainty during litigation favors this Court's effort to ensure judicial efficiency and the expeditious resolution of disputes.    Further, this approach creates an incentive for parties to be more diligent in submitting defenses.    The result

---

[4]The policy of the Federal Arbitration Act (FAA) to providing favorable treatment to arbitration is based on, inter alia, the desire to reduce expenses and delays suffered by those involved and to promote the efficient resolution of disputes.  *See* 9 U.S.C § 2.

9

of such an incentive is that the trend will now be that trial courts will learn early on in the life of a civil case about the existence of arbitration agreements and be able to more quickly dismiss disputes which our trial courts find to be controlled by arbitration clauses.[5]

¶18.    Again, we cannot over-emphasize the fact that today's decision in no way restricts or limits arbitration agreements or the ability of private parties to enter into such agreements. This Court has recognized the right of contracting parties to agree in advance to arbitrate a dispute.  ***Russell v. Performance Toyota, Inc.***, 826 So.2d 719, 722 (Miss. 2002). Proponents of arbitration need not be concerned that today's decision erodes the policy favoring arbitration.   Indeed, our ruling does not limit the validity, scope or enforceability of arbitration agreements.   It neither marks a shift in the substantive law nor limits existing agreements. Simply stated, we appreciate the fact that litigants, lawyers and trial judges look to this Court for guidance on the procedural conditions for asserting this right, and today we hopefully have provided such guidance.

## CONCLUSION

¶19.    For the above reasons, we affirm the Lafayette County Circuit Court's order denying Pass's motion to compel arbitration and we remand this case to that court for further proceedings consistent with this opinion.

¶20.    **AFFIRMED AND REMANDED**.

---

[5]Indeed, notice is the underlying purpose of Rule 8.  Miss. R. Civ. P. 8 cmt. ("The purpose of Rule 8 is to give notice[.]").   *See also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1270 (2004).

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY AND DICKINSON, JJ., CONCUR. GRAVES AND RANDOLPH, JJ., CONCUR IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**