MODIFIED OPINION ON MOTION FOR REHEARING
GRIFFIS, J.,
for the Court:
¶ 1. The motion for rehearing is granted. The original opinion of this court is withdrawn, and this opinion is substituted in lieu thereof.
¶ 2. This appeal involves a nursing home admission agreement containing an arbitration clause. The two pertinent issues are: (1) whether the arbitration clause was rendered invalid by changes in the procedural rules of the arbitration association that the arbitration clause specified would apply to any arbitrated dispute and (2) whether Theodore Davis’s wife, Patricia, had the authority to bind him to an arbitration clause in the nursing home admission agreement. The circuit court found the arbitration clause unenforceable, but the record does not disclose findings of fact that the circuit court relied upon in making its ruling. Our initial opinion reversed the circuit court’s judgment and remanded the case for further proceedings. In our initial decision, we found that the arbitration clause was valid and that Patricia bound Theodore’s estate to arbitration through a durable power of attorney for healthcare decisions. Upon rehearing, Patricia asserted that intervening decisions by the supreme court required that we reverse our holdings on both issues and affirm the circuit court’s judgment. We agree, in part, and withdraw our original opinion and substitute this opinion to affirm the judgment of the circuit court.
¶ 3. In light of intervening decisions of the supreme court, we find the first issue to be dispositive of this appeal. As will be more fully discussed, the American Health Lawyers Association (“AHLA”) Alternative Dispute Resolution Service Rules of Procedure for Arbitration, which the arbitration clause specifies shall control this case, were amended after Patricia signed the nursing home agreement but before the present action was filed. The amendment specified that the AHLA Alternative *364 Dispute Resolution Service would “administer” a claim only if the parties agreed to arbitration “after the injury has occurred.” We find that, in light of this amendment, there was no valid agreement to arbitrate. We, therefore, affirm the circuit court’s judgment, albeit upon grounds the circuit court may not have relied upon, and we remand this case for proceedings consistent with this opinion.
FACTS
¶ 4. On September 20, 2000, Theodore executed a properly authenticated durable power of attorney making his wife, Patricia, his agent for all healthcare decisions. On November 12, 2002, Patricia signed an admission agreement with Bedford Care Center on behalf of Theodore as his responsible party. The admission agreement contained an arbitration clause that stated: “It is understood and agreed by the Facility and Resident and/or Responsible Party that any legal dispute, controversy, demand or claim ... that arises out of or relates to ... any service or health care provided by the Facility to the Resident, shall be resolved exclusively by binding arbitration ... in accordance with the American Health Lawyers Association (“AHLA”) Alternative Dispute Resolution Rules of Procedure for Arbitration which are hereby incorporated into this agreement....” This section was initialed by Patricia.
¶ 5. During Theodore’s residence at Bedford Healthcare Center, he allegedly suffered numerous injuries culminating in his death on December 5, 2003. On August 25, 2004, Patricia filed suit alleging, among other things, that Bedford Health Properties had been negligent in earing for Theodore and that the arbitration agreement was unconscionable and unenforceable.
STANDARD OF REVIEW
¶ 6. We apply a de novo standard of review to the denial of a motion to compel arbitration because the motion presents a question of law as to whether the circuit court has jurisdiction to hear the underlying matter. Vicksburg Partners, L.P. v. Stephens, 911 So.2d 507, 513 (¶ 9) (Miss.2005) (overruled on other grounds). The Federal Arbitration Act (“FAA”) governs contracts “evidencing a transaction involving commerce” which include nursing home admission agreements. Id. at 514-15 (¶¶ 13, 16-18) (quoting 9 U.S.C. § 2 (2000)). Therefore, we must apply the policy of the FAA to “rigorously enforce agreements to arbitrate.” East Ford, Inc. v. Taylor, 826 So.2d 709, 713 (¶ 11) (Miss.2002) (quoting Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987)).
ANALYSIS
¶ 7. The FAA governs contracts “evidencing a transaction involving commerce,” which include nursing home admission agreements. Vicksburg Partners, 911 So.2d at 514-15 (¶¶ 13, 16-18) (quoting 9 U.S.C. § 2). In determining the validity of a motion to compel arbitration under the FAA, courts generally conduct a two-pronged inquiry. “Under the first prong, the court should determine whether the parties have agreed to arbitrate the dispute.” Rogers-Dabbs Chevrolet-Hummer, Inc. v. Blakeney, 950 So.2d 170, 173 (¶ 12) (Miss.2007).[1] “The first prong has two considerations: (1) whether there is a valid arbitration agreement and (2) whether the parties’ dispute is within the scope of the *365 arbitration agreement.” East Ford, Inc., 826 So.2d at 713 (¶ 9).
¶ 8. Here, the arbitration clause that was incorporated into the nursing home admission agreement provided that arbitration would take place in accordance with the rules promulgated by the AHLA.
¶ 9. After we issued our initial opinion in this case, the supreme court decided Magnolia Healthcare, Inc. v. Barnes ex rel. Grigsby, 994 So.2d 159 (Miss.2008), which turned upon an arbitration clause in a nursing home admission agreement that was identical to the one involved in the present case. Id. at 161 (¶ 7). The supreme court noted that the AHLA had amended its rules to provide that it would only arbitrate claims after January 1, 2004, if both parties agreed to arbitration after an injury occurred, stating:
The parties shall be bound by these Rules whenever they have agreed in writing to arbitration by the Service or under the Rules. The Service will administer a “consumer health care liability claim” under the Rules on or after January 1, 2004[,] only if all of the parties have agreed in writing to arbitrate the claim after the injury has occurred and a copy of the agreement is received by the Service at the time the parties make a request for a list of arbitrators. For purposes of the Rules, a “consumer health care liability claim” means a claim in which a current or former patient or a current or former patient’s representative (including his or her estate or family) alleges that an injury was caused by the provision of (or the failure to provide) health care services or medical products by a health care provider or the manufacturer, distributor, supplier, or seller of a medical product.
Id. at (¶ 8) (quoting AHLA Alternative Dispute Resolution Service Rule of Procedure 1.01(c) 1991 (Rev.2003)). The supreme court held in Barnes that because of this rule change, “there was no valid agreement to arbitrate.” Id. at 162 (¶ 11).
¶ 10. In a second case decided after our initial opinion, the supreme court addressed a similar issue concerning changes in procedural rules for arbitration. Covenant Health & Rehabilitation of Picayune v. Estate of Moulds ex rel. Braddock, 14 So.3d 695 (Miss.2009). While the present case involves a different arbitration association than Moulds, the supreme court discussed the procedural rules applied by both associations. Both the American Arbitration Association (“AAA”) and the AHLA procedural rules have been amended to require post-injury consent to arbitration. Id. at 708 (¶40). However, the AHLA’s procedural rules, which are applicable to the present case, provide that the AHLA would administer arbitration even where the parties do not consent post injury if ordered to do so by a court. Id. at 706-07 (¶ 37). Further, the supreme court stated in Moulds:
In [Barnes ], a plurality of this Court would have held that an arbitration agreement was unenforceable because the parties’ forum choice was no longer available. [Barnes, 994 So.2d] at 162. In Barnes, the arbitration agreement called for the use of AHLA rules, but did not require AHLA administration. Id. at 160. The plurality cited AHLA rules, which require a post-dispute agreement to arbitrate. Id. The plurality concluded that, because the patient’s injuries occurred after AHLA’s policy was implemented, and there was no post-dispute agreement, “there was no valid agreement to arbitrate.” Id. at 162.
Moulds, 14 So.3d at 707-08 (¶ 40).
¶ 11. In this case, Theodore died in 2003, which was prior to the AHLA *366 requirement that the parties agree to arbitration post injury. However, Patricia did not file suit until August 25, 2004, which was after the AHLA’s requirement that parties agree to arbitration post injury. However, the AHLA’s procedural rules do not relate to when a claim arose, or when suit was filed. Rather, they provide that the AHLA will not provide arbitration after January 1, 2004, to any claim, regardless of when the claim arose, unless there has been a post-injury agreement for arbitration. Neither the Moulds nor Barnes decisions support this Court assuming jurisdiction to order the AHLA to administer arbitration. We conclude that the chosen forum for arbitration is unavailable, and there is not a valid agreement to arbitrate.' While the circuit court denied Bedford’s motion to compel arbitration, the record is unclear as to the circuit court’s reasoning. Nevertheless, an appellate court may affirm a trial court’s decision on alternate grounds. See Pass Termite and Pest Control, Inc. v. Walker, 904 So.2d 1030, 1032 (¶ 6) (Miss.2004). Therefore, we affirm the circuit court’s judgment and remand this case for further proceedings consistent with this opinion.
¶ 12. Concerning the second issue raised in the motion for rehearing as to whether a durable power of attorney empowered Patricia to bind Theodore to arbitration, we note that there have been subsequent supreme court decisions that bear upon the issue. See Mississippi Care Center of Greenville, LLC v. Hilnyub, 975 So.2d 211 (Miss.2008).
¶ 13. Nevertheless, we find that the first issue rendered the forum for arbitration unavailable; thus, we expressly decline to address the merits of the second issue. We simply note that the supreme court has addressed the applicable law on the second issue following the circuit court’s judgment in this case.
¶ 14. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. Due to our finding as to the first prong, it is unnecessary that we consider the second prong of the test.