KITCHENS, Justice,
dissenting:
¶ 68. The majority theorizes that “[t]he ‘duty-to-read’ and ‘imputed-knowledge’ doctrines are substantive rules of law — not affirmative defenses.” Maj. Op. at ¶24. Because I do not agree that substantive rules of law cannot be affirmative defenses, I dissent.
¶ 64. Mississippi Rule of Civil Procedure 8(c) provides in pertinent part:
In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.
M.R.C.P. 8(c) (emphasis added). Every defense specifically mentioned or alluded to in this rule is an established principle of law, and each is subject to waiver if not properly and timely pled. We have interpreted Rule 8(c) of the Mississippi Rules of Civil Procedure “to mean that, generally, if a party fails to raise an affirmative defense in its original answer, the defense will be deemed waived.” Hutzel v. City of Jackson, 38 So.3d 1116, 1119 (Miss.2010) (citing Pass Termite and Pest Control, Inc. v. Walker, 904 So.2d 1030, 1033 (Miss.2004)). Because the defendants failed to raise affirmatively the plaintiffs’ duty to read the insurance policy and their imputed knowledge of the contents of the policy as defenses in any responsive pleading and thereafter participated actively in the litigation process for nearly two years before moving for summary judgment, the defendants have waived the right to raise these defenses, which obviously are affirmative in every sense.
¶ 65. In MS Credit Center, Inc. v. Horton, 926 So.2d 167 (Miss.2006), this Court considered whether a defendant’s failure to pursue actively the right to compel arbitration for eight months amounted to a waiver of that defense. We held that, where a defendant failed “timely and reasonably [to] raise and pursue the enforcement of any affirmative defense or other affirmative matter ..., coupled with active participation in the litigation process,” the defense ordinarily will have been waived. Id. at 180 (emphasis added). However, we declined to set a minimum number of days which will constitute an unreasonable delay, but did hold “that — absent extreme and unusual circumstances — an eight month unjustified delay in the assertion and pursuit of any affirmative defense or *1170 other right ... constitutes waiver as a matter of law.” Id.
¶ 66. In compliance with the rule announced in Horton, “this Court consistently has held that, absent a reasonable explanation, failure to plead an affirmative defense according to Rule 8(c) will result in a waiver of that defense.” Hutzel, 33 So.3d at 1120. In Hutzel, we held that a defendant’s failure to assert and pursue actively the affirmative defense of accord and satisfaction for twenty-six months while actively participating in the litigation, with no reasonable explanation for such delay, amounted to a waiver. Hutzel, 33 So.3d at 1121-1122.
¶ 67. In this case, the plaintiffs filed their original complaint on September 26, 2006. The defendants participated actively in the litigation process by engaging in written discovery, deposing witnesses, and designating an expert witness. It was not until September 18, 2008, that the defendants filed their motion for summary judgment, based on duty-to-read and imputed-knowledge defenses. The defendants participated in the litigation actively for almost two full years before asserting the duty-to-read and imputed-knowledge defenses. The failure of the defendants to plead these defenses in a timely manner, coupled with their active participation in the litigation process, bars the defendants from belatedly asserting them, and it was error for the trial judge to dismiss this case on summary judgment on the basis of such untimely defenses.
¶ 68. Accordingly, I would reverse the trial court’s grant of summary judgment and remand the case for further proceedings.