CARLTON, J.,
for the Court:
¶ 1. This matter is before this Court on appeal from an order entered March 12, 2010, by the Walthall County Circuit Court, which denied in part GGNSC Tyler-town, LLC d/b/a Golden Living Center-Tylertown’s (Tylertown) motion to compel arbitration and stay discovery. Tylertown contends that the contract by which the parties agreed to arbitrate all claims relat *1064 ed to Virgie Dillon’s care at the facility is valid and enforceable, and that the circuit court’s partial refusal to compel arbitration should be overturned. Finding error in the circuit court’s judgment, we affirm in part and reverse and render in part.
FACTS
¶ 2. Dillon was admitted to Tylertown, a nursing facility in Tylertown, Mississippi, on August 12, 2003. Dillon has continued to reside at the facility through the present. On May 18, 2009, Dillon executed a general durable power of attorney appointing her sister, Arverta Hargrove, as her “true and lawful attorney-in-fact.” This power of attorney authorized Hargrove “to execute, deliver and acknowledge ... agreements” and “to arrange for my entrance to and care at any hospital, nursing home, health center, convalescent home, retirement home, or similar institution, and to authorize, arrange for, and consent to, waive and terminate any and all medical and surgical procedures on my behalf, including the administration of drugs, and to pay all bills for my care.”
¶ 3. On May 21, 2009, Hargrove became Dillon’s responsible party for her residency at Tylertown. Consistent with her authority as power of attorney, Hargrove executed an admission agreement for Dillon with Tylertown. Dillon and Hargrove also executed a resident and facility arbitration agreement as part of the admission-documents packet. The arbitration agreement provided, in relevant part, that:
any and all claims, disputes[,] and controversies ... arising out of, or in connection with, or relating in any way to the Admission Agreement or any service or health care provided by the facility to the resident shall be resolved exclusively by binding arbitration to be conducted ... in accordance with the National Arbitration Forum Code of Procedure.
¶ 4. On October 2, 2009, Dillon, by and through Hargrove, filed suit in the Walt-hall County Circuit Court, alleging that she sustained injuries over the years as the result of deficient care at the facility. Tylertown subsequently filed a motion to compel arbitration and stay discovery. Dillon filed a response, attacking the validity of the arbitration agreement based on “insufficient” consideration and a lack of voluntariness. She also claimed that any agreement to arbitrate should apply only to claims which arose after the contract was executed on May 21, 2009.
¶ 5. After a hearing held in the Walthall County Circuit Court on February 10, 2010, the circuit court filed an order on March 12, 2010, which denied in part Ty-lertown’s motion to compel arbiti'ation and stay discovery. The order stated that the court found the arbitration agreement to be valid and enforceable as to any claims arising after its execution, but regarding any claims which arose prior to execution, the agreement failed for lack of consideration. Tylertown moved to reopen the time for appeal, and Dillon moved for an expedited trial setting. The circuit judge granted Tylertown an additional fourteen days from the entry of its July 8, 2010 order to file its notice of appeal, and he further ordered that the parties confer on a scheduling order including an early 2011 trial setting. Tylertown filed this notice of appeal on July 20, 2010.
STANDARD OF REVIEW
¶ 6. The standard for reviewing a trial court’s grant or denial of a motion to compel arbitration is de novo. East Ford, Inc. v. Taylor, 826 So.2d 709, 713 (¶9) (Miss.2002). Since the agreed-upon forum choice for arbitration no longer exists, then the agreement to arbitrate herein lacks enforceability. Therefore, arbitration must be denied in this case.
*1065 DISCUSSION
Whether the circuit court erred in denying in part Tylertown’s motion to compel arbitration and stay discovery.
¶ 7. Tylertown submits that the circuit court erred in denying, in part, its motion to compel arbitration and stay discovery. The circuit court held that the arbitration agreement was valid and enforceable and, thus, supported by consideration, but only as to the claims accruing after the contract was executed on May 21, 2009, nearly six years after Dillon had admitted herself to the nursing home. The circuit court found:
At the time the arbitration agreement was signed, no claims flowing from [Ty-lertown], against [Dillon] had accrued. However, the alleged claims flowing from [Dillon] against [Tylertown] may have accrued.
[[Image here]]
The court finds that the arbitration agreement lacks sufficient consideration as to any claims arising prior to May 21, 2009. [Tylertown] cannot rely on past consideration to validate an entirely new contractual agreement with [Dillon]. Therefore, the court grants the motion to compel as to all claims accruing after May 21, 2009[,] when the arbitration agreement was signed, and denies the motion to compel as to all claims accruing prior to that date.
¶ 8. In determining the validity of a motion to compel arbitration under the Federal Arbitration Act, this Court must conduct a two-pronged inquiry. East Ford, 826 So.2d at 713 (¶ 9).[1] “The first prong has two considerations: (1) whether there is a valid arbitration agreement and
(2) whether the parties’ dispute is within the scope of the arbitration agreement.” Id.
¶ 9. Turning to the first prong, we note that the language of the arbitration agreement at issue mandates that:
any and all claims, disputes[,] and controversies ... arising out of, or in connection with, or relating in any way to the Admission Agreement or any service or health care provided by the Facility to the Resident shall be resolved exclusively by binding arbitration to be conducted ... in accordance with the National Arbitration Forum Code of Procedure.
¶ 10. However, as Dillon points out, precedent recognizes that as of July 24, 2009, the National Arbitration Forum (NAF) voluntarily ceased to administer consumer arbitration disputes, thus leaving courts unable to enforce the arbitration clauses that agreed to arbitration conducted in accordance with the NAF’s rules. Covenant Health & Rehab, of Picayune, LP v. Estate of Moulds ex rel. Braddock, 14 So.3d 695, 706 (¶ 36) (Miss.2009) (citation omitted); See National Arbitration Forum to Cease Administering All Consumer Arbitrations in Response to Mounting Legal and Legislative Challenges, http://www.adrforum.com/ newsroom.aspx?itemID=1528 (last visited June 1, 2011).[2] We note that the American Arbitration Association (AAA) and the American Healthcare Lawyers Association (AHLA) have both made similar announcements about healthcare arbitrations. The AAA “no longer acceptfs] the administration of cases involving individual patients without a post-dispute agreement to arbitrate.” Moulds, 14 So.3d at 706 (¶ 36). *1066 Similarly, the AHLA announced that it will only administer consumer healthcare liability claims if an agreement to arbitrate was entered into by the parties in writing after the alleged injury occurred. Id. at 706-07 (¶ 37) (citation omitted). In Moulds, the Mississippi Supreme Court reiterated that “[arbitration is limited to choice of forum.” Id. at 697 (¶ 3). In applying this precedent to the present case, we find that the agreement to arbitrate lacks enforceability since the forum is no longer available.
¶ 11. Similarly, in Magnolia Healthcare, Inc. v. Barnes ex rel. Ghigsby, 994 So.2d 159, 162 (¶¶ 10-11) (Miss.2008), the parties entered into an arbitration agreement that utilized AHLA rules. However, the AHLA requires a post-dispute agreement to arbitrate. The supreme court held that because the patient’s injuries occurred after the new AHLA policy was implemented, and because there was no post-dispute agreement, then no valid agreement to arbitrate existed. Id. In the present case, due to the NAF’s procedural rules stating that the organization will no longer provide arbitration for disputes such as the one before this Court, we similarly find the chosen forum for arbitration unavailable. Thus, as in Barnes, the agreement to arbitrate lacks enforceability. The record reflects no post-dispute agreement by the parties to be bound by arbitration, and we acknowledge that the NAF refuses to conduct consumer arbitra-tions entirely, even with a post-dispute arbitration agreement. We can enforce only contracts where an agreement exists.
¶ 12. In B.C. Rogers Poultry, Inc. v. Wedgeworth, 911 So.2d 483, 487-88 (Miss. 2005) (quoting AT & T Techs., Inc. v. Commc’ns Workers of Am., 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)), the supreme court recognized that “[t]he U.S. Supreme Court has stated that, ‘arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit.’ ” Accordingly, we will not force arbitration where a party does not agree to it.
¶ 13. The arbitration agreement before us clearly reflects that Tylertown sought to have its disputes resolved exclusively by arbitration in accordance with the NAF, a forum that now refuses to arbitrate disputes such as the one in the present case. In keeping with the precedent of the Mississippi Supreme Court, this Court recognizes that the forum in the agreement between Tylertown and Dillon is no longer available, and we “decline[ ] to order the lower court to pick a forum” not anticipated by either party. Moulds, 14 So.3d at 695 (¶ 45). Therefore, this arbitration agreement is unenforceable as the forum in the agreement is no longer available. Accordingly, we affirm the circuit court’s judgment denying the motion to compel as to all claims accruing prior to May 21, 2009,[3] and we reverse and render as to the circuit court’s finding that the arbitration agreement was enforceable as to any claims arising after May 21, 2009.
¶ 14. THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BE *1067 TWEEN THE APPELLANT AND AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ„ CONCUR.

. Due to our finding as to the first prong, it is unnecessary to consider the second prong of the test.

. Dillon cited to this web site in her appellate brief.

. "While the circuit court based its decision to deny arbitration on reasons different from ours, we may on appeal affirm the decision of the trial court where the right result is reached, even though we may disagree with the trial court’s reasons for reaching that result.” Pass Termite & Pest Control, Inc. v. Walker, 904 So.2d 1030, 1032 (¶ 6) (Miss.2004) (citation omitted).