CARLTON, J.,
for the Court:
¶ 1. Waymon Clay McCullar appeals the Madison County Circuit Court’s order denying his motion to compel arbitration. Under our controlling precedent, we find no error and affirm.[1]
FACTS
¶ 2. On June 9, 2010, BankPlus filed suit against McCullar in Madison County Circuit Court, seeking damages arising from McCullar’s failure to repay a loan of $200,150 plus interest. On June 15, 2010, BankPlus served McCullar with a complaint, interrogatories, and requests for admissions.
¶ 3. On August 22, 2010, McCullar’s counsel contacted BankPlus’s counsel to discuss a possible settlement. However, on September 17, 2010, McCullar filed his answer to the complaint, denying any liability, and he included his response to the requests for admission.
¶ 4. On May 19, 2011, BankPlus filed its motion for summary judgment. On September 15, -2011, McCullar’s counsel withdrew, and McCullar’s new counsel entered his appearance on September 22, 2011.
¶ 5. On October 19, 2011, McCullar filed a motion to compel arbitration, stating that the promissory note for his loan contained *773 a provision that specifically provided for arbitration of all claims arising from the promissory note. Pending a ruling on the request for arbitration, MeCullar sought a stay of the motion for summary judgment. On October 24, 2011, the circuit court entered an order allowing MeCullar to again substitute new counsel. On October 25, 2011, BankPlus filed a response to MeCul-lar’s motion to compel arbitration, arguing that MeCullar waived his right to arbitrate by not requesting it earlier. The motion to compel arbitration was set for a hearing[2] to take place on December 9, 2011, and to be conducted simultaneously with the motion for summary judgment.
¶ 6. After the hearing, the circuit court entered an amended order on December 28, 2011, to deny the motion to compel arbitration and granting summary judgment. On January 20, 2012, MeCullar appealed the final judgment, arguing that the circuit court erred in denying his motion to compel arbitration.
STANDARD OF REVIEW
¶ 7. This Court reviews the grant or denial of a motion to compel arbitration under the de novo standard of review. Century 21 Maselle & Assocs., v. Smith, 965 So.2d 1031, 1035 (¶ 6) (Miss.2007).
DISCUSSION
¶ 8. MeCullar claims that the circuit court erred in denying his motion to compel arbitration. MeCullar admits that he executed a promissory note, prepared by BankPlus, which contained an arbitration provision allowing either party to request arbitration of any dispute. MeCullar also admits that he failed to plead his request for arbitration as an affirmative defense. However, MeCullar argues that any delay in this case was due to his initial attempts at settlement of the dispute as well as the lack of any affirmative action by either party.
;¶ 9. BankPlus argues that MeCullar waived his right to arbitration, claiming that MeCullar repeatedly demonstrated his intent to forego arbitration. BankPlus asserts that McCullar’s active participation in the litigation constituted waiver as a matter of law. BankPlus submits that arbitration can be waived where a party “actively participates in a lawsuit or takes other action inconsistent with the right to arbitration.” Century 21, 965 So.2d at 1036 (¶ 8).
 ¶ 10. Indeed, our supreme court explained that either (1) active participation or substantial invocation of the litigation process, resulting in detriment or prejudice to the other party, or (2) engaging in conduct inconsistent with timely enforcing the arbitration agreement, constitutes a waiver of the right to arbitrate. Century 21, 965 So.2d at 1036 (¶ 8); MS Credit Ctr., Inc. v. Horton, 926 So.2d 167, 180 (¶ 30) (Miss.2006); University Nursing Associates, PLLC v. Phillips, 842 So.2d 1270, 1278 (1128) (Miss.2003). Specifically, “[tjaking advantage of pre-trial litigation such as answers, counterclaims, motions, requests, and discovery obviates the right to arbitration.” Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 619 So.2d 908, 914 (Miss.1993). Additionally, we recognize that a “waiver of arbitration is not a favored finding, and there is a presumption against it.” Horton, 926 So.2d at 179 (¶ 39) (quoting Russell v. Performance Toyota, Inc., 826 So.2d 719, 724 (¶ 16) (Miss.2002)). A party claiming waiver must offer sufficient evidence at a hearing to overcome the presumption in favor of arbitration. See Phillips, 842 So.2d at 1276 (¶ 19) (citation omitted). In the pres *774 ent case, the circuit judge made no specific findings of fact regarding his denial of the motion to compel arbitration; however, we apply a de novo standard to our review of the denial of a motion to compel arbitration. Century 21, 965 So.2d at 1035 (¶ 6). We turn to examine the record before us.
¶ 11. In Pass Termite & Pest Control v. Walker, 904 So.2d 1030, 1033-35 (¶¶ 8-17) (Miss.2004), the supreme court found waiver where Pass Termite failed to allege the affirmative defense of arbitration in its answer; requested a jury trial; propounded interrogatories and requests for production of documents, which were subsequently responded to; and also delayed 237 days before moving to compel arbitration. In the present case, the record shows that McCullar waited over sixteen months[3] after the filing of the complaint before he filed the motion to compel arbitration. See Horton, 926 So.2d at 179-80 (¶¶ 40-42) (discussing circumstances resulting in the waiver of the right to compel arbitration). Our supreme court has held that “[pjarties seeking to enforce arbitration are to file a [motion to compel arbitration] immediately upon discovery that the controversy or suit is subject to an arbitration agreement.” Century 21, 965 So.2d at 1038 (¶ 10). In Phillips, 842 So.2d at 1277 (¶ 23), the supreme court cautioned that “parties desiring to seek arbitration should promptly file and present to the trial court a motion to stay proceedings and a motion to compel arbitration.” See also In re Tyco Intern. (US) Inc., 917 So.2d 773, 779-781 (¶¶ 27-29) (Miss.2005). Additionally, the record reflects that McCullar actively participated in litigation by responding to BankPlus’s complaint and requests for admissions, although McCullar contends that he did so in order to avoid a default judgment.
¶ 12. In next turning to examine the issue of whether BankPlus suffered any prejudice, we note that our sdpreme court has recognized that “[prejudice refers to the inherent unfairness — in terms of delay, expense, or damage to a party’s legal position — that occurs when the party’s opponent forces it to litigate an issue and later seeks to arbitrate that same issue.” Phillips, 842 So.2d. at 1278 (¶ 30). The supreme court also stated that “[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.” Id. at (¶ 28) (citing Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir.1999)). BankPlus asserts that it suffered prejudice by paying legal fees and other expenses in order to pursue its motion for summary judgment. In filing its motion for summary judgment and preparing for the motion hearing, Bank-Plus claims that it expended time and resources to prosecute the action to final judgment.
¶ 13. As stated, McCullar admits that he was aware of the arbitration clause in the promissory note, stating that the promissory note was the basis for his request to arbitrate. We remind McCullar that “[p]arties seeking to enforce arbitration are to file a [motion to compel arbitration] immediately upon discovery that the controversy or suit is subject to an arbitration agreement.” Century 21, 965 So.2d at 1038 (¶ 10). The record reflects that McCullar indeed participated in litigation and took “other action inconsistent with [the right to arbitration]” and failed to timely assert arbitration, as shown in the sixteen-month delay in asserting the right *775 to arbitrate. Id. at 1036 (¶ 8). As a result, BankPlus expended legal fees to pursue a motion for summary judgment rather than engaging in timely arbitration. Id. Based on the foregoing, we affirm the Madison County Circuit Court’s order denying McCullar’s motion to compel arbitration and granting summary judgment in favor of BankPlus.
¶ 14. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. BARNES AND JAMES, JJ., CONCUR IN PART AND IN THE RESULT. GRIFFIS, P.J., NOT PARTICIPATING.

. See Century 21 Maselle & Assocs., v. Smith, 965 So.2d 1031, 1035 (¶6) (Miss.2007).

. The transcript from this hearing does not appear in the record.

. This Court has calculated approximately 492 days between the date BankPlus served McCullar with the complaint and the date McCullar filed the motion to compel arbitration.