# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CA-00511-SCT

*KELVIN PRUITT, A MINOR BY AND THROUGH HIS MOTHER, LATRICE BROOKS*

*v.*

*JASON SARGENT, IN HIS OFFICIAL CAPACITY, DR. EARL WATKINS, IN HIS OFFICIAL CAPACITY, DR. ERRICK L. GREENE, IN HIS OFFICIAL CAPACITY, AND JACKSON PUBLIC SCHOOL DISTRICT*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/21/2020 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| TRIAL COURT ATTORNEYS: | CYNTHIA HEWES SPEETJENS |
| | STEVEN LLOYD LACEY |
| | BRETT RAY KOEHN |
| | ALLISON PERRY FRY |
| | SONDRA OLIS MONCURE |
| COURT FROM WHICH APPEALED: | CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY |
| ATTORNEY FOR APPELLANT: | CYNTHIA HEWES SPEETJENS |
| ATTORNEYS FOR APPELLEES: | ALLISON PERRY FRY |
| | STEVEN LLOYD LACEY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 10/20/2022 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. In the case before us, we find that the defendants waived the statute of limitations affirmative defense by failing to plead it adequately under Mississippi Rule of Civil Procedure 8(c).

¶2.     In 2008, minor Kelvin Pruitt lost two fingers in a bicycle chain accident shortly after accepting a ride home from school from another student. According to the complaint, Kelvin was a special needs student who had been ordered off the school bus and told to walk home. The plaintiff initially filed suit against the school district and two of the district's employees in 2009, but the action was dismissed voluntarily in 2018 in light of defects related to service of process. The plaintiff filed a second suit in 2018, which also was dismissed voluntarily. Third, the plaintiff filed the present lawsuit on January 16, 2020. The defendants submitted their answer and defenses on February 20, 2020. The parties engaged in discovery for several months, including preliminary interrogatories.

¶3.     In June of 2020, the defendants filed a motion to dismiss on the ground that the statute of limitations had expired in 2010.[1] They argued that the statute of limitations, while initially tolled by the minors' saving statute,[2] had run without interruption from the filing of the first complaint on the minor's behalf in 2009. The plaintiff argued that the defendants had waived the statute of limitations defense by failing to raise it in their initial responsive pleading and, in the alternative, that the minors' saving statute continues to operate when a case brought on behalf of a minor is dismissed for reasons other than the merits. By the plaintiff's calculation, the statute of limitations did not expire until February 28, 2020, a year after Kelvin's twenty-first birthday. The circuit court granted the defendants' motion to dismiss, and the plaintiff now appeals.

---

[1] The defendants did not file a motion for leave to amend their answer.

[2] Miss. Code. Ann. § 11-46-11(4) (Rev. 2019).

2

## STANDARD OF REVIEW

¶4. A trial court's determination of whether an affirmative defense has been waived is reviewed for abuse of discretion. *Est. of Puckett v. Clement*, 238 So. 3d 1139, 1144 (Miss. 2018).

## DISCUSSION

¶5. Mississippi Rule of Civil Procedure 8(c) (emphasis added) provides in full:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, *statute of limitations*, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counter-claim or a counter-claim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been proper designation.

"This Court has interpreted this rule to mean that, generally, if a party fails to raise an affirmative defense in its original answer, the defense will be deemed waived." *Hutzel v. City of Jackson*, 33 So. 3d 1116, 1119 (Miss. 2010) (quoting *Pass Termite & Pest Control, Inc. v. Walker*, 904 So. 2d 1030, 1033 (Miss. 2004)). "A defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." *MS Credit Ctr, Inc. v. Horton*, 926 So. 2d 167, 181 (Miss. 2006) (footnote omitted).

¶6. The defendants argue that the following responses were sufficient to preserve the affirmative defense under Rule 8(c) and the notice pleading standard:

**SECOND DEFENSE**

The defendants are exempt from liability on the claims asserted herein by virtue of provisions of the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. Section 11-46-1, et [s]eq.[;] therefore, the doctrine of sovereign immunity applies to bar the claims asserted in the Complaint.

**TENTH DEFENSE**

The facts not having been fully developed, the Defendants further affirmatively plead the following affirmative defenses as may be applicable in this action: assumption of risk, contributory negligence, and any other matter constituting an avoidance or affirmative defense.

The above responses contain no reference to the statute of limitations defense and are insufficient to put a plaintiff on notice to defend against it, even under Mississippi's generous notice pleading standard.

¶7. The defendants would have us construe the answer's broad reference to the entirety of Mississippi's Tort Claims Act as identification and preservation of a statute of limitations defense. The answer's Second Defense cites "Miss. Code Ann. § 11-46-1, et [s]eq." for its assertion that "the doctrine of sovereign immunity applies to bar the claims asserted in the Complaint." That part of the answer was clearly meant to put the plaintiff on notice of an immunity defense, which, though affirmative, is an entirely different defense than the running of a statute of limitations. Broadly referencing an entire chapter of statutory law via *et sequentes* is far short of sufficient to announce an intention to prove that the statute of limitations bars the action. Title 11, chapter 46, contains twenty-three code sections and occupies 130 pages of the Mississippi Code Annotated. The defendants' answer hints at some recognition of the need for greater specificity; it asserted in Defense Three: "The Defendants

4

plead all limitations of liability set forth in Miss. Code Ann. §§ 11-46-7; 11-46-9; 11-46-13; and 11-46-15." None of those sections contains the statute of limitations, which is found in Mississippi Code Section 11-46-11(3) (Rev. 2019), a code section the defendants did not cite. "[M]agic words" are not required to invoke a defense. *Heard v. Remy*, 937 So. 2d 939, 942 (Miss. 2006). But our law places the burden on the defendants to identify and give fair notice of their intended defenses. *Hertz Com. Leasing Div. v. Morrison*, 567 So. 2d 832, 834 (Miss. 1990). Throwing a volume of the Mississippi Code and saying "catch" does not suffice.

¶8. "[T]his Court consistently has held that, absent a reasonable explanation, failure to plead an affirmative defense according to Rule 8(c) will result in a waiver of that defense." *Hutzel*, 33 So. 3d at 1120; *see also* *Est. of Grimes v. Warrington*, 982 So. 2d 365 (Miss. 2008); *E. Miss. State Hosp. v. Adams*, 947 So. 2d 887 (Miss. 2007). In *Hutzel*, we found that a defendant's motion to amend responsive pleadings to include the affirmative defenses of release and accord and satisfaction should be denied when there were "no unusual or extreme circumstances that explain the city's failure to assert the affirmative defenses in a timely manner." *Hutzel*, 33 So. 3d at 1121. We held also that, even though the general principle is to "liberally permit[] the amendments of pleadings," *id.* at 1122 (internal quotation marks omitted), under Rule 15, for "an objection grounded in Rule 8(c), this Court will adhere to the rule expressed in *Horton*, giving full effect to the mandatory language of Rule 8(c)." *Id.*

¶9. In *Walker*, we affirmed the trial court's denial of arbitration in part because the defendant had not pled arbitration as an affirmative defense. *Walker*, 904 So. 2d at 1032. We discussed our reasons for finding generally that a defense is waived when not explicitly pled:

by making a clear statement as to when the [affirmative defense] should be pled, we eliminate any uncertainty that may plague future litigation. Certainty during litigation favors this Court's effort to ensure judicial efficiency and the expeditious resolution of disputes. Further, this approach creates an incentive for parties to be more diligent in submitting defenses. The result of such an incentive is that the trend will now be that trial courts will learn early on in the life of a civil case about the [affirmative defense.]

*Id.* at. 1035. We have stopped short of holding that failure to plead operates strictly as a waiver in all circumstances, describing it as a "factor" to consider if compelling policy considerations are present to permit the defense to be asserted late. *Id.* at 1033. Yet we have consistently enforced the general rule that affirmative defenses must be pled adequately and timely pursued. *See* ***Horton***, 926 So. 2d 167 (affirmative defense of arbitration waived through defendant's active participation in litigation for eight months, even though defense was initially pled); ***Woodard v. Miller***, 326 So. 3d 439, 450 (Miss. 2021) (affirmative defense of release and waiver were waived even though "generically asserted" in answer).[3]

¶10. The Mississippi Court of Appeals also has applied our precedent consistently to enforce the general rule that affirmative defenses must be *both* pled and timely pursued. *See* ***Cook v. Taylor***, 324 So. 3d 333, 344 (Miss. Ct. App. 2021) (a volunteer firefighter's fourteen-month delay in asserting a qualified immunity defense for the first time constituted waiver of the defense), *cert. denied*, 322 So. 3d 1297 (Miss. 2021); ***Alcatec LLC v. Jones Grp. of Miss.***, 297 So. 3d 302 (Miss. Ct. App. 2020) (finding no reasonable explanation for delay in raising affirmative defense of collateral estoppel).

---

[3] *See also* ***Canizaro v. Mobile Commc'ns Corp. of Am.***, 655 So. 2d 25 (Miss. 1995) (statute of frauds); ***Martin v. Est. of Martin***, 599 So. 2d 966 (Miss. 1992); ***Morrison***, 567 So. 2d 832 (acceleration).

¶11. No reason is presented by the case at hand that persuades us to depart from our well-established general rule. The school district did not raise the statute of limitations defense in its answer, and it engaged in active discovery for several months prior to actually raising the defense. We find "no unusual or extreme circumstances that explain the [defendant's] failure to assert the affirmative defense[] in a timely manner." *Hutzel*, 33 So. 3d at 1120-21. This is the third lawsuit the school district has faced from this plaintiff on these facts. The incident occurred in 2008. No compelling policy considerations weigh in favor of permitting this defense to be raised late when it was not initially pled. *See Walker*, 904 So. 2d at 1033.

## CONCLUSION

¶12. We find that the defendants waived the statute of limitations defense by failing to plead it in accordance with Mississippi Rule of Civil Procedure 8(c) and without reasonable explanation for that failure. Because we find the defense was waived, we do not reach the question of whether the minors' saving statute continues to operate when a case filed on behalf of a minor is dismissed for reasons other than the merits.

¶13. **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KING, P.J., MAXWELL AND CHAMBERLIN, JJ., CONCUR. ISHEE, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. COLEMAN, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, J. BEAM, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

**COLEMAN, JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶14. I concur with the result reached by the majority and its reasoning to the extent that it holds that the defendants failed to properly plead the statute of limitations defense and

7

thereby waived it. However, I agree with a dissent written by Justice Griffis in *Woodard v. Miller*, 326 So. 3d 439 (Miss. 2021). There, he disagreed with language in *MS Credit Center, Inc. v. Horton*, 926 So. 2d 167, 180 (Miss. 2006); to the effect that "[o]ur holding today [that an affirmative defense may be waived by failure to timely raise it] is not limited to assertion of the right to compel arbitration." In *Woodard*, Justice Griffis wrote that

> Unlike the federal rules, the Mississippi Rules of Civil Procedure do not anticipate or require early judicial intervention in civil cases. Instead, our Rules contemplate that all claims and defenses will be considered and resolved at trial. The Mississippi Rules of Civil Procedure do not provide the authority for the trial judge or this Court to decide that [a defendant] waived his affirmative defense of release and waiver.

*Woodard*, 326 So. 3d at 459 (Griffis, J., concurring in part and dissenting in part) (footnote omitted). The above-referenced line from *Horton* concerning waiver of affirmative defenses other than arbitration by failure to timely raise them has created irreconcilable tension between our caselaw and our rules of procedure, which the Court propounds.

¶15. Pursuant to the reasoning of Justice Griffis in *Woodard*, I disagree that the statute-of-limitations affirmative defense can be waived by the failure to raise it prior to trial. Moreover, I disagree with the majority that, even if it could be so waived, the conduct of the defendants in the case *sub judice* suffices to do so. Despite the above-described disagreement with the majority, I nevertheless concur in result due to the defendants' failure to plead the affirmative defense of statute of limitations.

**GRIFFIS, J., JOINS THIS OPINION**.